FILED
SUPERIOR COURT
OF GUAM

2022 JUL 25 PM 4: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>           Plaintiffs,<br><br>       v.<br><br>FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the ESTATE OF JESUS U. TORRES, Deceased, and PETER F. PEREZ,<br><br>           Defendants. | CIVIL CASE NO. CV0471-07<br><br><br>**DECISION AND ORDER**<br><br>**(Gloria C. Sholing's Motion for Leave to File Second Amended Answer and Counterclaims and Third Party Cross-Claims)** |
| DANIEL U. TORRES and<br>BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTABAN TORRES FAMILY TRUST DATED MAY 12, 1995,<br><br>          Plaintiff Intervenors,<br><br>       v.<br><br>ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>          Defendants,<br><br>      and<br><br>GLORIA C. SHOLING,<br><br>         Third-Party Defendant. | |

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

# INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Third-Party Defendant Gloria C. Sholing's Motion for Leave to File Second Amended Answer and Counterclaims, and Third Party-Cross Claims ("Motion for Leave"). Attorney Joyce Tang represents Gloria C. Sholing ("Gloria"). Attorney Daniel J. Berman represents Plaintiff Intervenors Daniel U. Torres and Barbara M. DeMello, Trustee Under the Esteban Torres Family Trust Dated May 12, 1995 ("Plaintiff Intervenors"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

# BACKGROUND

This matter commenced in April 2007, with the filing of Plaintiffs Rosario S. Bautista and Manuel C. Sholing's (collectively, "Plaintiffs") Complaint against Francisco Torres, individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres ("Defendant Torres") and Peter F. Perez ("Defendant Perez"). This matter stems from a 1987 retainer agreement ("1987 Agreement") between Ms. Ana Sholing and Attorney Jesus U. Torres,[1] in which Attorney Torres would provide legal services in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Island Club Property for a period of twenty-five (25) years, until 2012. *See generally,* Compl., Apr. 23, 2007. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Perez. *Id.* This matter has an extensive procedural history. The background set forth below is relevant to the instant motion.

On December 28, 2009, Plaintiff Intervenors filed a Complaint in Intervention against Plaintiffs and Gloria. Plaintiff Intervenors sought to enforce the 1987 Agreement and collect rents which were previously paid to Defendant Perez between 2002 and 2007, and 10% of the rents through 2012. *See* Compl. in Intervention, Dec. 28, 2009.

On February 26, 2010, Gloria filed her Answer.

---

[1] Attorney Torres passed away in August 2002, and Ana Sholing passed away in September 2005. 2017 Guam 17 ¶ 7.

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 2 of 10

On April 1, 2010, Gloria filed an Amended Answer and Counterclaims with Request for Jury Trial.

On May 28, 2010, Gloria moved to dismiss Plaintiff Intervenors complaint for lack of standing.

On June 10, 2010, Gloria moved for leave of Court to amend her Amended Answer and Counterclaims to add additional claims for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) Breach of Fiduciary Duty; and (4) Breach of Contract against Counterclaim-Defendants. (Mot. Leave at 1, Jun. 10, 2010). Gloria Sholing also sought to add Third-Party Cross-Claim against the Estate of J.U. Torres, Francisco U. Torres, Esteban U. Torres, Mary D. Montesinos (Heir of Rita U. Torres), Tomas T. Cruz, Gertrudes T. Cruz, Esteban T. Cruz, Roque T. Cruz, Daniel T. Cruz, Francisco T. Cruz, Julie T. Cruz (Heirs of Maria T. Cruz), and Arlene A. Cruz, Steven Cruz, Lavene Cruz and Christy Cruz (Heirs of Ignacio T. Cruz) for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) the 1987 Property Management and Retainer Agreement is void due to lack of consideration; (4) Breach of Fiduciary Duty; (5) Breach of Contract; and (6) that the 1987 Agreement is void for lack for unconscionability. *Id.*

On July 14, 2010, Plaintiff Intervenors filed their Opposition.[2]

On July 22, 2010, Gloria filed her Reply.

On July 28, 2010, the parties appeared before the Honorable Katherine A. Maraman[3] to address several motions, including Gloria's Motion for Leave.

On April 17, 2013, the court granted summary judgment for Defendant Perez.[4] (Dec. & Order, Apr. 17, 2013).

---

[2] The opposition filed was a combined opposition to both Gloria Sholing's Motion for Leave and to a separate motion filed by Plaintiffs for leave to File a Fourth Amended Complaint.

[3] The matter was reassigned to this Court in 2018. *See* Notice of Judge Assignment, Apr. 10, 2018.

[4] The Supreme Court of Guam affirmed the trial court's granting of summary judgment for Defendant Perez as to counts five through seven but reversed as to the eighth count and tenth through twelfth counts. *See Bautista v. Torres*, 2020 Guam 28.

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 3 of 10

On May 31, 2013, the court dismissed Plaintiff Intervenors' claims against Gloria, finding they lacked standing.[5] (Dec. & Order, May 31, 2013).

On October 13, 2014, the court granted summary judgment for Defendant Torres on the same grounds as Defendant Perez.[6] (Dec. & Order, Oct. 13, 2014).

On September 9, 2016, the court granted summary judgment for Plaintiff Intervenors against Gloria C. Sholing's counter-claims based on similar grounds as Defendants Torres and Perez. (Dec. & Order, Sep. 9, 2016).

The court did not issue a written decision as to Gloria's Motion for Leave; however, within its decision and order on Plaintiff Intervenors' Motion for Summary Judgment the court found that "Gloria Sholing's counterclaims were barred, whether by application of the law of the case doctrine or an independent application of the statutes of limitation. It also found that the doctrine of recoupment did not apply to preserve Gloria Sholing's claims because laches still applied." *Bautista v. Torres,* 2017 Guam 17 ¶ 14. "In disposing of the claims, the trial court also engaged briefly with Gloria Sholing's fraud claim, even though it had not formally acted on the motion to file amended pleadings in which the claim was proffered." *Id.*

On appeal, the Supreme Court of Guam found that the "trial court abused its discretion when it impliedly denied Gloria Sholing's motion to file amended pleadings based, at least in part, on an incomplete application of her argument." *Id.* at ¶ 28. The Supreme Court further advised that on remand, "the trial court should reconsider the motion to file amended pleadings in the context of discerning the proper application of the discovery rule to the claims contained therein." *Id.* Thus, Gloria's Motion for Leave to File Second Amended Answer and Counterclaims, and Third Party Cross-Claims filed June 10, 2010 remains pending before the Court and must be addressed. As the matter had been fully briefed and argued, the Court placed it under advisement without further argument from the parties.

---

[5] The Supreme Court affirmed the trial court's dismissal of the Plaintiff Intervenors' claims against Gloria C. Sholing, but on the alternative ground of waiver. 2020 Guam 28 ¶ 43.

[6] The Supreme Court affirmed the trial court's granting of summary judgment for Defendant Torres. *See id.*

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 4 of 10

## DISCUSSION

Guam Rules of Civil Procedure 15 "allows for amendment to pleadings 'by leave of court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires.'" *M Elec. Corp.*, 2016 Guam 35 ¶ 40. "Guam Rule of Civil Procedure 15(a)—concerning amended and supplemental pleadings—was derived from its federal counterpart." *Bautista v. Torres*, 2017 Guam 17 ¶ 28 (quoting *M Elec. Corp.*, 2016 Guam 35 ¶ 40). "Therefore, federal interpretation of FRCP 15 is persuasive when interpreting our own GRCP 15." *M. Elec. Corp.*, 2016 Guam 35 ¶ 40.

"Federal courts grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendment exists." *Id.* at ¶ 42 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The trial court is to consider factors set forth in *Foman v. Davis* when deciding a request for leave to amend. *Id.* ¶ 42 (citing *Guam Top Builders, Inc. v. Tanota Partners,* 2006 Guam 3 ¶ 26). "Based on the federal *Foman* factors we have adopted, leave should be freely given in the absence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Bautista v. Torres*, 2017 Guam 17 ¶ 28 (quoting *M Elec. Corp.,* 2016 Guam 35 ¶ 42). Thus, the Court has at least four factors under *Foman* to consider: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; and (4) futility.

### A. Undue Delay

The first *Foman* factor before the Court is whether there is undue delay. "[A] non-moving party, or the court itself, must evidence something more than delay based on mere oversight in order to justify a denial of leave to amend." *M. Elec. Corp.*, 2016 Guam 35 ¶ 49. Here, Gloria moves for leave to amend her amended answer and counterclaim "as a result of information disclosed to her only in the past 6 to 8 weeks." (Mot. Leave at 3). The Motion for Leave was filed on June 10, 2010, two months after Gloria filed her Amended Answer and Counterclaim and less than three months after she filed her initial Answer. Therefore, the Court

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 5 of 10

does not find that there was any undue delay on the part of Gloria moving to amend in June 2010.

## B. Bad Faith or Dilatory Motive

The second *Foman* factor for the Court to consider is whether the delayed amendment is due to bad faith or dilatory motive. There is nothing in the record before the Court at this time to indicate that Gloria is acting in bad faith or dilatory motive in moving to seek leave to amend her Amended Answer and Counterclaim. As noted earlier, she is moving to amend based on facts discovered through the course of discovery in this matter. Further, as this is her first Motion for Leave to Amend, the Court does not find that there has been a "repeated failure to cure deficiencies by amendments previously allowed."

## C. Undue Prejudice to Plaintiffs

The next factor for the Court to consider is whether there would be undue prejudice to Plaintiff Intervenors. Gloria argues that "[t]here is no prejudice to Counterclaim-Defendants to allow amendment of the Counterclaims" and that "because the claims are based on evidence already discovered in the current litigation, and involve witnesses who are already deposed, protracted discovery is unlikely." (Mot. Leave at 4). The Plaintiff Intervenors argue that if the Motion is granted, their "expended funds on legal fees and costs and their wasted discovery between February 2010 to the present should be reimbursed to Plaintiff Intervenors .... Otherwise, without reimbursement, the prejudice occurred to Plaintiff Intervenors would be so egregious and substantial as to deprive them of any resources to continue this litigation and conduct discovery a second time over." (Opp'n at 10). As an initial matter, the Court notes that Plaintiff Intervenors argument regarding prejudice is in reference to both Gloria's Motion to Amend and a separate Motion to Amend filed by Plaintiffs. Plaintiffs Rosario and Manuel moved to amend their Complaint for a fourth time, which was denied by the court. *See* Dec. & Order, Feb. 7, 2014. Although Plaintiff Intervenors argue they have gone through extensive discovery, the Court notes that such discovery was likely not limited to just counterclaims filed by Gloria on April 1, 2010, but in light of them intervening in this matter and suing Gloria as a

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 6 of 10

Third-Party Defendant. Therefore, the Court does not find that discovery legal fees and costs to have caused undue prejudice to Plaintiff Intervenors.

**D. Futility of the Amendment**

The last factor for the Court to consider is the futility of the amendment. "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny the leave to amend." *Koken v. GPC Inter., Inc.*, 443 F.Supp.2d 631, 634 (D. Del. 2006) (internal citations and quotation marks omitted). The court previously decided "that Gloria Sholing's counterclaims are barred either by law of the case *or* by an independent application of the statutes of limitation. An independent application of the statutes of limitation bar the three counterclaims in her Amended Answer and Counterclaims even if they are distinct from the claims raised by her siblings." *Bautista v. Torres,* 2017 Guam 7 ¶ 22.

On appeal, the Supreme Court did not "consider whether the law of the case was applicable to these claims or whether the three initial counterclaims are viable" because Gloria essentially conceded such "by only arguing that the discoverability of her fraud claim is distinct." *Id.* Those initial counterclaims included (1) Contract Void for Lack of Consideration; (2) Unconscionability; and (3) Restitution. *See* Am. Answer & Counterclaims, Apr. 1, 2010. Gloria Sholing now seeks to add the following claims: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) Breach of Fiduciary Duty; and (4) Breach of Contract. (Mot. at 1, Jun. 10, 2010). The counterclaims for Breach of Fiduciary Duty and Breach of Contract stem from the 1987 Agreement, similarly to her initial counterclaims. In light of the court's prior findings that the statute of limitations has passed as to claims against the Torres Estate, the claims of Breach of Fiduciary Duty and Breach of Contract cannot succeed. *See People v. Orallo,* 2006 Guam 8 ¶ 5 ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."). Thus, while Gloria Sholing's Motion for Leave initially sought to amend by adding four

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 7 of 10

additional claims, the only remaining claim before the Court to address as to futility are the claims for declaratory judgment and fraud.

### i.    Declaratory Judgment

Gloria moves to add a claim for declaratory judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres in Probate Case No. PR0104-02.[7] (Mot. Leave at 4-7). Gloria argues that Francisco Torres' failure to comply with notice requirements and to obtain letters testamentary rendered the Notice to Creditors issued in March 2009 invalid. *Id.* at 4-5. Gloria further argues that because Francisco Torres failed to take and subscribe the oath required under Guam law, he was not authorized to act as the Executor of the Estate or to issue the Notice to Creditors. *Id.* at 6. Plaintiff Intervenors oppose, arguing that her claim is a "collateral attack on the probate case." (Opp'n at 7). Plaintiff Intervenors assert that "the law does not permit collateral attack on the letters and power of administration in prior probate proceedings in a new civil action." *Id.* In Reply, Gloria argues that her "counterclaims do not constitute a collateral attack on the Court's order appointing Torres as Executor. Rather, Ms. Sholing proffers that Torres plainly failed to qualify as Executor following his appointment as required by 15 GCA § 2205." (Reply at 1). Gloria argues that "Torres' failure to subscribe the oath rendered his subsequent actions as Executor unauthorized and invalid." *Id.* at 3. She also indicates, however, that she filed concurrently with the Reply a Motion to Vacate Order Appointing Executor and Approving Settlement Agreement in the related probate matter. *Id.*

Upon review of the related probate matter, PR0104-02, the Court notes that Gloria's Motion to Vacate Order Appointing Executor and Approving Settlement Agreement and Distribution ("Motion to Vacate") has still not been fully resolved.[8] On November 9, 2011, the Probate Court stayed proceedings pending a final resolution of all three Sholing siblings' actions against the Estate in CV0471-07, and reserved on the Motion to Vacate. (Dec. & Order

---

[7] On July 28, 2010, Gloria filed a Notice of Claim against the Estate.

[8] The probate matter remains stayed at this time, pending the disposition of Gloria's claims in the instant matter. *See* Dec. & Order in PR0104-02, Oct. 29, 2021.

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 8 of 10

in PR0104-02, Nov. 9, 2011). On March 21, 2017, the Probate Court denied Gloria's Motion to Vacate for lack of standing in light of the Superior Court adjudicating all her claims in CV0471-07 and finding them without merit. (Minute Entry in PR0104-02, Mar. 21, 2017). On appeal, the Supreme Court vacated the Probate Court's order denying for lack of standing Gloria's Motion to Vacate in light of its decision in *Bautista v. Torres*, 2017 Guam 17 ¶ 38, and remanded the matter to the Probate Court to resolve the Motion to Vacate on its merits. (Order, CVA17-005, Dec. 6, 2017). At this time, in light of the pending Motion to Vacate before the Probate Court, the Court finds this issue to be more appropriately addressed in the probate matter, and therefore denies the Motion to Amend as to adding a claim for Declaratory Judgment.

### ii. Fraud in the Inducement Claim

Gloria moves to add a fraud claim "based upon evidence produced during discovery in the instant matter." (Mot. Leave at 8). According to Gloria, on September 22, 1967, Ana Sholing ("Ana") signed a Contract of Retainer with Jesus U. Torres ("the 1967 Agreement") whereby the Sholings would pay Torres in advance, legal fees "for all future work related to the PIC property, including the negotiation of the rental escalation when the initial term of the PIC Lease expired." *Id. See also* Travis Decl., Ex. E. Subsequently, on October 15, 1987, Ana signed a new retainer fee agreement for Torres' representation of the Sholings with regard to the PIC property. *See* Mot. Leave at 8; Travis Decl., Ex. G. Gloria asserts that during discovery in this matter in March or April 2010, she "learned that Torres had corresponded with Manuel Sholing prior to the 1967 Agreement. In a letter dated September 26, 1967, from Torres to Manual Sholing, Torres explain[ed] the basis and the scope of the work covered by the fees paid under the 1967 Agreement." (Mot. Leave at 9). *See also* Decl. of Gloria Sholing ¶ 4, May 28, 2010. Prior to engaging in discovery and receiving the 1967 Letter, Gloria was unaware that "Torres was collecting fees under the 1987 Agreement for services that by his own admission had already been paid for under the 1967 Agreement." (Mot. Leave at 10; Decl. of Gloria Sholing ¶¶ 5-6). Gloria acknowledges that she had access to both the 1967 and 1987 agreements, *see* Decl. of Gloria Sholing ¶ 7, however, she argues that she was not aware of the

*Bautista vs. Torres*
Case No. CV0471-07
Decision and Order

Page 9 of 10

existence of the 1967 Letter addressed to Manual and thereby the fraud of the 1987 Agreement until discovery began in this matter. (Mot. Leave at 10).

The Court does not have any reason at this time not to accept Gloria's arguments regarding discovery of the fraud and finds it plausible that she would not be aware of a letter addressed to Manual prior to discovery in this matter. Under Guam law, there is a three (3) year statute of limitations for "[a]n action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." 7 GCA § 11305(d). "[T]he statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 24. Therefore, as the fraud was not discovered until the contents of the 1967 Letter were read in early 2010, the statute of limitations would not have run, and the addition of such claim would not be futile.

Accordingly, the Court finds that the *Foman* factors do not weigh in favor of denying Gloria Sholing's Motion for Leave to Amend and therefore GRANTS IN PART the Motion for Leave to File Second Amended Answer and Counterclaims and Third Party Cross Claims.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Motion for Leave to File Second Amended Answer and Counterclaims, and Third Party-Cross Claims as to the addition of the Fraud in the Inducement Claim. Gloria Sholing shall file her Second Amended Answer and Counterclaims and Third Party Cross Claims within two (2) weeks of the issuance of this Decision and Order.

**IT IS SO ORDERED** this _____ JUL 25 2022 _____.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Berman, W. Wong,
J. Tang, J. Terlaj
Date: 7/25/22 Time: 4:16pm
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Thompson Thompson Alcantara,
Dooley Group
Date: 7/25/22 Time: 4:13pm
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

Bautista vs. Torres
Case No. CV0471-07
Decision and Order